**Tamera K. BRANDT, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

No. Civ. S–86–1327 RAR.

United States District Court,
E.D. California.

Sept. 2, 1988.

Thomas Edward Wall, Culver City, Cal., for plaintiff.

William O. Morris, McDonald, Saeltzer, Morris Creeggan & Waddock, Sacramento, Cal., James S. Link, Sray, Could & Bowers, Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER

RAMIREZ, District Judge.

On December 4, 1985, the original complaint in the underlying action was filed in the Superior Court of the State of California in and for the County of Los Angeles, bearing case No. C577397. Therein, plaintiff named as defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES ONE through TWENTY. The complaint stated three causes of action: (1) breach of statutory duties contained in the California Insurance Code and in particular violation of California Insurance Code § 790.03(g)(5),[1] (2) common law negligence, and (3) negligent infliction of emotional harm. On May 30, 1986, following defendant's motion for change of venue, the case was transferred to the Superior Court of the State of California in and for the County of San Joaquin. Pursuant to order dated September 16, 1986, defendant's demurrers to the second and third causes of action (negligence and negligent infliction of emotional harm) were sustained with leave to amend. Thereafter, plaintiff filed a first amended complaint alleging a single cause of action for breach of statutory duties under the California Insurance Code. Further, pursuant to stipulation and order dated January 28, 1988, all DOE defendants named in the first amended complaint were dismissed with prejudice so that the only remaining defendant was STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

The first amended complaint makes the following factual allegations: plaintiff was involved in an automobile accident with one other vehicle in Lodi, California. Plaintiff sustained medical injuries, property damage, and lost wages as a proximate result of said accident. Defendant admitted liability and a settlement in the amount of $15,000.00 was agreed upon. Judgment in the action was entered January 18, 1985. Thereafter, plaintiff alleges that defendant acted in bad faith by submitting a check for $14,900.00 four weeks after entry of judgment and by refusing to pay post-judgment interest on the remaining $100.00. Specifically, the complaint alleges that these acts constitute a violation of California Insurance Code § 790.03(h)(5) because defendant refused to settle the underlying personal injury claim when the liability of the insured had become reasonably clear.[2]

---

1. From the wording of the original complaint it appears that plaintiff meant to allege violations of Cal.Ins.Code § 790.03(h)(5) and that the reference to (g)(5) of that section was merely a typographical error.

2. Cal.Ins.Code § 790.03(h)(5) states:
   § 790.03. Prohibited unfair or deceptive acts or practices.
   The following are hereby defined as unfair methods of competition and unfair and decep-

Defendant filed a petition for removal of the action to the federal court on November 7, 1986. On November 18, 1987, defendant filed the instant motion for judgment on the pleadings pursuant to F.R.Civ. P. 12(c), arguing that Cal.Ins.Code § 790.03(h)(5) is unconstitutional on its face and that because the Code violation is the sole cause of action in plaintiff's complaint, plaintiff has failed to state a claim upon which relief can be granted. A hearing was held on February 8, 1988 wherein the court made its oral ruling denying defendant's motion for judgment on the pleadings. At the conclusion of the hearing, the court upheld the constitutionality of the statute and thereafter signed an order dated February 23, 1988 which briefly summarized its oral ruling. Since the court is unaware of any published opinions addressing the constitutionality of Cal.Ins.Code § 790.03(h)(5), the court herein elaborates on its rationale supporting its February 8, 1988 oral ruling.

DISCUSSION

Defendant argues that a claim for breach of Cal. Ins. Code § 790.03(h)(5) is facially unconstitutional because (1) it burdens and chills the exercise of free speech guaranteed by the first amendment in that it looks to the subject matter and content of the ideas, opinions and advocacy expressed by defendants and other insurers, including their employees and legal counsel, during the claims settlement, negotiation, and litigation process; and (2) it burdens insurers' first amendment right to petition the government for redress of grievances, and to gain access to the courts in that the statute mandates that defendant forego the exercise of these constitutional rights on pain of severe sanctions.[3]

At the outset the court notes that facial challenges to statutes under the first amendment are permitted because the chilling effect that a statute might have on the freedoms of expression and association warrant an expedited determination of its constitutionality. *See IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1190 (9th Cir. 1988). However, facial invalidation is "strong medicine" which should be used "sparingly and only as a last resort." *Id.* at 1198 (*quoting Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916–2917, 37 L.Ed.2d 830 (1973)).

A facial attack on the constitutionality of a statute may proceed along four axes: (1) the law may impermissibly burden the complainant's rights, (2) it may impermissibly burden the rights of third parties, (3) it may fail to provide adequate notice of what conduct is prohibited, or (4) it may lack sufficient guidelines to prevent arbitrary and discriminatory enforcement. *IDK, Inc. v. County of Clark*, 836 F.2d 1185 at 1191 (*citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495–498, 102 S.Ct. 1186, 1191–1193, 71 L.Ed.2d 362 (1982). The first two axes attack the statute as a prior restraint or an invalid time, place, or manner restriction. The second additionally is an attack upon the statute for overbreadth, in which the complainant asserts the rights of third par-

tive acts or practices in the business of insurance.
(h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:
(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.
**3.** Cal.Ins.Code § 790.02 prohibits any person from engaging in any trade practice defined in § 790.03 as "unfair or deceptive act or practice in the business of insurance." The Insurance Commissioner is empowered to investigate the affairs of insurers (§ 790.04), and if the Commissioner has reason to believe that an insurer

is engaged in an unfair or deceptive act or practice defined in § 790.03, the Commissioner shall, after notice and hearing, issue a cease and desist order. Cal.Ins.Code § 790.05. A penalty of fifty dollars ($50.00) may be imposed for violation of such order, or five hundred dollars ($500.00) for a willful violation, and subsequent violations may result in suspension or revocation of an insurer's license. Cal.Ins.Code § 790.07. Further, the California Supreme Court has interpreted § 790.03 to permit private litigants to impose civil penalties, including punitive damages in appropriate cases, for violations of that section. *See Royal Globe Ins. Co. v. Superior Court of Butte County*, 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979).

ties, in this case, other insurers.[4] *IDK, Inc. v. County of Clark,* 836 F.2d 1185 at 1191. The third and fourth are challenges for vagueness. *Id.* (*citing Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972)). Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY asserts all four axes as grounds for invalidating Cal.Ins.Code § 790.03(h)(5). Additionally, defendant argues that § 790.03(h)(5) violates the equal protection clause of the fourteenth amendment.

## I

### IMPERMISSIBLE BURDEN

██ The court first addresses the issue of whether Cal.Ins.Code § 790.03(h)(5) impermissibly burdens defendant's first amendment rights. The standard to be applied in making this determination depends upon whether the expression allegedly being suppressed by the regulation is "commercial speech" and therefore accorded a lesser protection than is given to other constitutionally guaranteed expression. *See IDK, Inc. v. County of Clark,* 836 F.2d 1185, at 1194; *Central Hudson Gas v. Public Service Com'n of N.Y.,* 447 U.S. 557, 562–563, 100 S.Ct. 2343, 2349–2350, 65 L.Ed.2d 341 (1980). The standard to be applied also depends upon whether the statute at issue is a regulation of conduct which only incidentally limits speech and is therefore scrutinized under a more lenient standard. *See IDK, Inc. v. County of Clark,* 836 F.2d 1185 at 1194; *United States v. O'Brien,* 391 U.S. 367, 376–377, 88 S.Ct. 1673, 1678–1679, 20 L.Ed.2d 672 (1968). For the reasons as more particularly set forth herein, the court finds that § 790.03(h)(5) is a regulation of a course of conduct which incidentally regulates commercial speech and as such passes both applicable standards of judicial scrutiny.

#### a. Regulating Conduct

It appears from the plain language of § 790 that its purpose is to "regulate trade practices in the business of insurance ... by defining or providing for the determination of all such practices in this State which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined." Cal.Ins.Code § 790. Thus, § 790.03(h)(5) was intended to regulate a course of business conduct, *i.e.,* the practice of settling claims "in good faith once liability has become reasonably clear." Cal.Ins.Code § 790.03(h)(5).

It has never been deemed a violation of freedom of speech to "make a course of conduct illegal merely because the conduct was in part initiated, evidenced or carried out by means of language, either spoken, written, or printed." *Cox v. State of Louisiana,* 379 U.S. 536, 555, 85 S.Ct. 453, 464–465, 13 L.Ed.2d 471 (1965) (*quoting Giboney v. Empire Storage & Ice Co.,* 336 U.S. 490, 502, 69 S.Ct. 684, 690–691, 93 L.Ed. 834 (1949)). In short, the state does not lose its power to "regulate commercial activity deemed harmful to the public merely because speech is a component of that activity." *IDK, Inc. v. County of Clark,* 836 F.2d 1185, 1194 (9th Cir.1988) (*quoting Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 456–457, 98 S.Ct. 1912, 1918–1919, 56 L.Ed.2d 444 (1978)).

The regulation of conduct which incidentally limits speech is permissible if the following standard is met: (1) the regulation is within the constitutional power of the government, (2) there is an important or substantial governmental interest in regulating the non-speech aspect of the conduct, (3) the governmental interest is unrelated to the suppression of free expression, and (4) the incidental restriction on alleged first amendment freedoms is no greater than is

---

4. A claim for overbreadth gives the defendant standing to assert the rights of third parties because a "facial" challenge in this context is a claim that the law is invalid *in toto* and thus, incapable of any valid application. *Flipside, Hoffman Estates, Inc.,* 455 U.S. at 494 n. 5, 102 S.Ct. at 1191 n. 5; *Members of City Council of*

*City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 798–801, 104 S.Ct. 2118, 2125–2126, 80 L.Ed.2d 772 (1984). In this case, possible third parties are other insurers affected by the duty imposed on all insurers by Cal.Ins.Code § 790.03(h)(5).

essential to the furtherance of that interest. *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); *Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 68 n. 7, 101 S.Ct. 2176, 2182–2183 n. 7, 68 L.Ed.2d 671 (1981).

Unquestionably the police power of the state legitimately extends to the activity of regulating unfair business practices in the insurance industry. *See California State Auto Ass'n Inter–Insurance Bureau v. Maloney,* 341 U.S. 105, 109–110, 71 S.Ct. 601, 603–604, 95 L.Ed. 788 (1951). The proposition that the police power extends to all the great public needs is "particularly apt when the business of insurance is involved—a business to which the government has long had a 'special relation.'" *Id.* at 109, 71 S.Ct. at 603. Further, the governmental interest in regulating unfair insurance business practices is unrelated to the suppression of free expression.

Thus, to the extent that limiting the conduct of insurers under § 790.03(h)(5) limits their freedom of expression, the statute is constitutionally permissible because the state has an important governmental interest in protecting its citizens from unfair and deceptive settlement practices in the insurance industry. The extremely incidental restriction on the insurer's freedom of expression inherent in the duty to settle claims in good faith when liability has become reasonably clear is no greater than is essential to the furtherance of the state's interest.

*b. Commercial Speech*

Commercial speech is expression related solely to the economic interests of the speaker and his or her audience. *Central Hudson Gas v. Public Service Com'n of N.Y.,* 447 U.S. 557, 561, 100 S.Ct. 2343, 2348–2349, 65 L.Ed.2d 341 (1980). The Constitution accords a lesser protection to commercial speech than to other constitutionally guaranteed expression. *Ohralik v. Ohio State Bar Assn.,* 436 U.S. 447, 456, 457, 98 S.Ct. 1912, 1919, 56 L.Ed.2d 244 (1978); *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio,* 471 U.S. 626, 637, 105 S.Ct. 2265, 2274, 85 L.Ed.

2d 652 (1985). If the communication is neither misleading nor related to an unlawful activity, the government's power to suppress a commercial message is limited to instances where (1) the state asserts a substantial interest to be achieved by restrictions on commercial speech, (2) the restriction directly advances the state interest involved and (3) the restriction is only as extensive as is necessary to serve that interest. *Central Hudson Gas v. Public Service Com'n of N.Y.,* 447 U.S. at 563–566, 100 S.Ct. at 2350–2351; *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio,* 471 U.S. 626 at 638, 105 S.Ct. 2265, 2275, 56 L.Ed.2d 244.

To the limited extent that § 790.03(h)(5) actually inhibits the free exercise of expression on the part of defendants, in connection with their settlement practices, the expression so inhibited is related solely to the economic interests of the speaker and his or her audience and is thus "commercial speech."

The court finds that the state has a substantial governmental interest in protecting its citizens from unfair and deceptive settlement practices in the insurance industry. Further, § 790.03(h)(5) directly advances that state interest by prohibiting the unfair and deceptive practice of failing to settle claims against an insured in good faith when liability has become reasonably clear. As stated previously, the incidental restrictions placed on an insurer's freedom of expression is no greater than is essential to the furtherance of the state's interest.

Accordingly, the incidental regulation of commercial speech inherent in § 790.03(h)(5) survives the requisite judicial scrutiny applicable to both incidental regulations and regulations affecting commercial speech. The statute is thus constitutional as applied to defendant.

## II

## FACIAL CHALLENGE FOR OVERBREADTH

■ Having found that § 790.03(h)(5) does not impermissibly burden defendant's first amendment rights, the court's inquiry

now turns to the facial challenge of the statute for overbreadth and vagueness. In a facial challenge to the vagueness and overbreadth of a statute, the court's first task is to "determine whether the statute reaches a substantial amount of constitutionally protected conduct." *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1191 (9th Cir.1988) (*quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489 at 494, 102 S.Ct. 1186, 1191). Stated otherwise, "there must be a realistic danger that the statute itself will significantly compromise recognized first amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Board of Airport Com'rs of Los Angeles v. Jews for Jesus Inc.,* —— U.S. ——, 107 S.Ct. 2568, 2572, 96 L.Ed.2d 500 (1987) (*citing Members of the City Council of City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 801, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984)). A constitutional challenge to a statute on overbreadth grounds is appropriate only where the record identifies a significant difference between the claim that the statute is invalid on overbreadth grounds, and the claim that the statute is unconstitutional when applied to the complainant. *Taxpayers for Vincent,* 466 U.S. at 801, 104 S.Ct. at 2126. Complainants must demonstrate that the statute applies to some other conduct more likely to be protected by the first amendment than their own conduct. *Id.*

It is inappropriate in this case to entertain an overbreadth challenge to § 790.03(h)(5). Defendant has simply failed to demonstrate a realistic danger that § 790.03(h)(5) will have any different impact on other insurer's interests in free speech than it has on defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's interest. If § 790.03(h)(5) may be validly applied to defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, it can validly be applied to most, if not all, of the conduct of other insurers not before this court. Thus, it would be inappropriate in this case to entertain an overbreadth chal-

lenge. *Taxpayers for Vincent,* 466 U.S. at 801, 104 S.Ct. at 2126.

## III

## FACIAL CHALLENGE FOR VAGUENESS

A challenge predicated upon unconstitutional vagueness implicates dual principals of due process. First, due process requires that the law give a person of ordinary intelligence a reasonable opportunity to know the difference between lawful and unlawful conduct. Secondly, due process requires sufficiently explicit legislative limits on the discretion of the law enforcement officials to avoid arbitrary and discriminatory application of the law. *Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed. 2d 222 (1972). In order to succeed in challenging a law on its face as unduly vague in violation of due process, the complainant must demonstrate that the law is impermissibly vague in all of its applications. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 497, 102 S.Ct. 1186, 1192–1193, 71 L.Ed.2d 362 (1982).

Defendant asserts that the claim for breach of § 790.03(h)(5) violates due process in that it is unconstitutionally vague and standardless. Defendant argues that said vagueness results in defendant and other insurers paying excessive amounts of money in attempts to avoid penalties for breach of § 790.03(h)(5) when settling claims. Further, defendant contends that said vagueness results in juries being allowed to set their own standards for breach of this statute and then punish insurers for violations of that jury created standard.

Defendant's assertions are unfounded. Cal.Ins.Code § 790.03(h)(5) provides a clearly delineated standard for both the insurer and the fact-finder to follow in determining liability under the statute. The law states clearly that liability under § 790.03(h)(5) attaches to an insurer at the point where liability of the insured becomes reasonably clear and the insurer knowingly fails to effectuate prompt and fair settlement. The assertion that defendant and other in-

surers, pursuant to the statute, may be paying more money than they feel is necessary on claims (wherein the insurer cannot determine the outcome of a jury trial) is insufficient as well as unsupported so as to warrant striking down the statute as impermissibly vague.

## IV

## DUE PROCESS & EQUAL PROTECTION

■ Defendant argues that the claim for breach of § 790.03(h)(5) violates the equal protection clause of the fourteenth amendment because it chills the constitutional rights of insurers. No other group of litigants are punished in the same fashion as insurers under California law. Additionally, defendant argues that the statute violates due process because it imposes an unconstitutional burden on defendant's right to defend its property.

State regulation of the insurance business has been upheld against constitutional challenges in a wide variety of circumstances. *California State Auto Ass'n Inter-Insurance Bureau v. Maloney*, 341 U.S. 105, 109 n. 2, 71 S.Ct. 601, 603 n. 2, 95 L.Ed. 788 (1951). "[S]tates have power to legislate against what are found to be injurious practices in their internal commercial and business affairs, so long as their laws do not run afoul of some specific federal constitutional prohibition or of some valid federal law ... [T]he due process clause is not to be so broadly construed that state legislators are put in a strait jacket when they attempt to suppress business and industrial conditions which they regard as offensive to the public welfare." *New Motor Vehicle Board of Cal. v. Orrin W. Fox Co.*, 439 U.S. 96, 107, 99 S.Ct. 403, 410–411, 58 L.Ed.2d 361 (1978) (*quoting Lincoln Federal Labor Union v. Northwestern I. & M. Co.*, 335 U.S. 525, 536–537, 69 S.Ct. 251, 257, 93 L.Ed.2d 212 (1949)).

Furthermore, the legislative power to regulate trade and commerce includes the power to determine what groups, if any, shall be regulated, and whether certain regulations will help or injure businesspersons, workers, and the public in general.

*Giboney v. Empire Storage and Ice Co.*, 336 U.S. 490, 497, 69 S.Ct. 684, 688, 93 L.Ed. 834 (1949).

The standard for judging the constitutionality of a statute such as Cal.Ins.Code § 790.03(h)(5), which regulates economic activity, is the same under both the due process clause and the equal protection clause. *Burlington Northern R. Co. v. Dept. of Public Service Regulation*, 763 F.2d 1106, 1109 (9th Cir.1985). Legislation will be upheld if it bears a rational relationship to a legitimate state interest. *Id.* (citing *Williamson v. Lee Optical Co.*, 348 U.S. 483, 488, 75 S.Ct. 461, 464–465, 99 L.Ed. 563 (1955) (due process); *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–1162, 25 L.Ed.2d 491 (1970) (equal protection)). The court finds that the California statute withstands defendant's due process and equal protection challenges.

In the challenge under due process, defendant has the burden of showing that the "legislative facts on which the statute is apparently based could not reasonably be conceived to be true" by the legislature. *Burlington Northern R. Co. v. Dept. of Public Service*, 763 F.2d 1106, at 1111 (*citing Minnesota v. Clover Leaf Creamery*, 449 U.S. 456, 464, 101 S.Ct. 715, 723–724, 66 L.Ed.2d 659 (1981). Given the deferential standard of review, this court cannot conclude that the legislative enactment of § 790.03(h)(5) was arbitrary or irrelevant to the statute's purpose of protecting its citizens from unfair settlement practices in the insurance industry.

In regard to the challenge based on equal protection grounds, the courts will defer to a legislative classification that affects only economic and not fundamental interest if the state interest is unquestionably legitimate and the classification is related to the statutory purpose for which it was made and does not result in invidious discrimination. *Burlington Northern R. Co. v. Dept. of Public Service*, 763 F.2d 1106 at 1113. The classification of insurers is clearly related to the legitimate statutory purpose of regulating unfair settlement in

the insurance industry. The classification affects only economic and not fundamental interest and does not result in invidious discrimination. For these reasons Cal.Ins. Code § 790.03(h)(5) does not violate the equal protection clause and must be upheld.

For the foregoing reasons, and good cause appearing therefor,

IT IS HEREBY ORDERED that defendant's motion for judgment on the pleadings is DENIED pursuant to this court's oral ruling of February 8, 1988 and for the reasons as stated herein. This opinion shall supplement the order dated February 23, 1988 which summarizes the aforesaid oral ruling.

IT IS SO ORDERED.